UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:      Chapter 13

Louis F. Fulayter, Jr.,     Case No. 19-53196
a/k/a Louie F. Fulayter,

    Hon. Phillip J. Shefferly

    Debtor.
_____/

## OPINION REGARDING TWO FEE APPLICATIONS, ONE BY DEBTOR'S FORMER ATTORNEY, AND ONE BY DEBTOR'S CURRENT ATTORNEY

### Introduction

This opinion addresses two contested fee applications in this dismissed Chapter 13 case — one by the Debtor's former attorney and one by the Debtor's current attorney. Both attorneys are experienced and competent and enjoy fine reputations, despite all the things they now say about each other. Ordinarily, the Court does not issue a single opinion that covers separate fee applications by separate attorneys, but this case is an exception because the facts that are relevant to each application significantly overlap and discussing them together will help give context to the Court's disposition of each application.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) over which the Court has jurisdiction under 28 U.S.C. § 1334(a).

## Procedural history

On September 16, 2019, the Debtor filed this Chapter 13 case. At the time, the Debtor was represented by Goldstein Bershad & Fried, P.C. ("GBF"). On February 4, 2020, GBF withdrew as the Debtor's attorney. Since that time, the Debtor has been represented by Charles J. Schneider P.C. ("Schneider"). The case was dismissed without a confirmed plan on April 22, 2020.

On February 19, 2020, GBF filed an Application for Fees and Expenses ("GBF Application") (ECF No. 123). The GBF Application seeks fees of $19,780.00 and expenses of $483.80. The Chapter 13 Trustee ("Trustee") and the Debtor's creditors did not object, but the Debtor — now represented by Schneider — filed an objection. GBF filed a reply and the Court scheduled a hearing for April 16, 2020. The day before the hearing, the Debtor filed a reply to GBF's reply. At the time of the hearing, the Court had several matters under advisement in this case including the Debtor's motion to dismiss and the Debtor's ex-wife's motion to convert to Chapter 7. At the end of the hearing the Court advised the parties that it would not rule on the GBF Application until after it had ruled on these other matters.

On April 22, 2020, the Court issued an opinion ("Dismissal Opinion") (ECF No. 155) that granted the Debtor's motion to dismiss. The Dismissal Opinion contains a lengthy recitation of facts covering the Debtor's pre-petition litigation with his ex-wife, his pre-petition litigation with his children and his post-petition litigation with

various parties in his Chapter 13 case. The Court will not repeat those facts but adopts and incorporates them here to the extent that they are relevant to the two fee applications that the Court must now decide.

Just after the Court dismissed this case, but before it turned its attention to the GBF Application, Schneider filed its own Application for Fees and Expenses ("Schneider Application") (ECF No. 160) on April 24, 2020. The Schneider Application seeks fees of $14,804.50 and expenses of $107.70. The Debtor, the ex-wife, the Trustee and the Debtor's creditors did not object, but GBF — asserting standing as an administrative expense claimant — filed an objection. The Court has scheduled a hearing on the Schneider Application for June 11, 2020.

After now reviewing the GBF Application, the Schneider Application, the objections to both applications, the Dismissal Opinion and the extensive record made at the multiple hearings in the case, the Court concludes that the deliberative process will not be further advanced by holding yet another hearing in this dismissed case that will no doubt result in incurring more fees by both attorneys. The Court has a sufficient record and familiarity with this case to rule on both applications now, explain its reasons in this opinion, and then enter a separate order disposing of each application.

### **Applicable legal standards**

The applications are governed by § 330(a) of the Bankruptcy Code and the lodestar method discussed in Boddy v. United States Bankruptcy Court (In re Boddy),

950 F.2d 334 (6th Cir. 1991). The lodestar amount "is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." Id. at 337.

In re Boddy recognized that there are multiple factors that courts have discretion to consider when deciding the reasonableness of fees. "The bankruptcy court may [ ] exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area." Id. at 338. Section 330(a)(3) also directs the bankruptcy court, in determining reasonable compensation, to take into account all relevant factors, and provides a non-exclusive list of such factors. One of those factors, in § 330(a)(3)(C), is "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." Section 330(a)(4)(A) states that a bankruptcy court "shall not allow compensation for . . . services that were not [ ] reasonably likely to benefit the debtor's estate" although § 330(a)(4)(B) permits a bankruptcy court to also consider the benefit to the debtor in a Chapter 13 case.

The Eastern District of Michigan has historically been a high-volume bankruptcy court. Thousands of Chapter 13 cases are filed every year in this district. As a result, the Court is called on to rule on thousands of fee applications filed by debtors' attorneys

in Chapter 13 cases. With long-time, thoughtful input from local Chapter 13 trustees, and members of the debtors' bar and creditors' bar, the Court has promulgated local rules that supplement the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure regarding fee applications in Chapter 13 cases. Over time, based on this input and on the Court's own experience in reviewing Chapter 13 fee applications, the Court years ago adopted Local Bankruptcy Rule 2016-1. Among other procedural and substantive matters, the local rule adopts a presumptively reasonable fee of $3,500.00 for an attorney to represent a debtor from the filing of a Chapter 13 petition through confirmation of a plan. The local rule provides that any application for pre-confirmation attorney fees in excess of this presumptively reasonable amount "must specifically identify the circumstances of the case that make the amount requested reasonable."

## Discussion

Before turning to each application and the specific objections to them, many of which are highly disputed, it is worth taking a moment to review some of the undisputed facts about this case that affect both applications.

The combined total of the pre-confirmation attorney fees and expenses requested by GBF and Schneider in this case exceeds $35,000.00. That is more than ten times the presumptively reasonable attorney fee under the Court's local rule! And without

- 5 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 5 of 17

any plan ever having been confirmed. What accounts for this extraordinary amount of attorney fees and expenses?

To begin with, as explained in the Dismissal Opinion, this was no ordinary Chapter 13 case but was "basically just a continuation" of the Debtor's divorce, one that the Court found was not a "good idea" for the Debtor. As it turned out, it was not a "good idea" for the Debtor's ex-wife either, though she fought hard to keep the Debtor in bankruptcy while he fought hard to get out of bankruptcy. As can be seen in the Dismissal Opinion, every tough issue in this case could be traced either directly or indirectly to the Debtor's long-running, acrimonious divorce with his ex-wife. To the Court, this case hardly seemed a Chapter 13 bankruptcy case at all, but more a nasty divorce lawsuit masquerading as a bankruptcy case. And that was true throughout the case — whether the Debtor was represented by GBF or Schneider.

Next, both GBF and Schneider attacked each other's application with vigor. Lots of objections, which is fine, but laden with name calling and personal attacks, which is not fine. In any event, both attorneys spent much too much energy doing battle over each other's fees rather than finding ways to resolve their disputes.

Finally, and to be fair to both GBF and Schneider, the Chapter 13 case itself was loaded with complicated and unusual issues. For example, both the Debtor's ex-wife and the Trustee alleged that the Debtor had made multiple fraudulent transfers of property to a trust established for the benefit of the Debtor's children that must be

- 6 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 6 of 17

avoided. By itself, that is not all that unusual. But what is somewhat unusual is that the Debtor's ex-wife was pressing for avoidance of these same transfers even though she was herself was a settlor of the trust and was, along with the Debtor, one of the transferors who voluntarily made these transfers into the trust. What is also unusual is that the Trustee filed and litigated a contested application for authority for the Trustee to bring the avoidance actions on behalf of the Chapter 13 estate. Another complicated set of issues pertained to certain farm property in Illinois known as the Pike Farm. Though the Debtor and his ex-wife transferred the Pike Farm into the trust, they took shifting and sometimes conflicting positions as to whether the bank holding the mortgage on it was stayed by § 362 from foreclosing on it as property of the estate or whether their pre-petition transfer of it took it outside of the protection of the automatic stay. Also, because the Debtor's ex-wife had obtained the appointment of a state court receiver over the Debtor's residence, there was litigation over whether the receiver should be authorized to sell such property or turn it over to the bankruptcy estate. And, as discussed at length in the Dismissal Opinion, there was an extensively litigated dispute as to whether the Debtor's Chapter 13 case should be dismissed or converted. In short, and by any measure, this case had plenty of issues that made it anything but a garden variety Chapter 13 case.

With all this going on, it is not surprising that the two applications seek attorney fees far in excess of the presumptively reasonable attorney fee for a Chapter 13 case.

- 7 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 7 of 17

But that still begs the question of whether each of the fee applications requests an amount that is reasonable under § 330 and Boddy. Neither GBF nor Schneider complain about the other's hourly rates. Their disputes center on the time expended by each other and on specific legal objections that they each raise to the other's application. The Court will consider these issues first with respect to the GBF Application and then turn to the Schneider Application.

The GBF Application

The time sheets attached to the GBF Application are detailed and do not improperly lump services, charge for duplicative services, or reflect excessive amounts of time for the services that were performed. However, even without Schneider's objections, the Court has real concern over whether all this work was reasonably likely to provide a benefit to the Debtor or his estate. As explained in the Dismissal Opinion, this Chapter 13 case didn't make a lot of sense. It appeared to be filed based on the Debtor's desire to get out from under some unfavorable state court rulings in the Debtor's divorce case, a "dubious strategy" as described in the Dismissal Opinion.

Apart from the Court's concern noted above, Schneider makes many allegations and raises many objections to the GBF Application: GBF failed to disclose payments it had received for pre-petition work; GBF had the Debtor sign a statement of financial affairs and a Rule 2016(b) statement that falsely stated what the Debtor had paid to GBF; GBF encouraged the Debtor to incur more debts before filing his Chapter 13

- 8 -

petition; GBF should have filed the Debtor's bankruptcy case much sooner than it did to cut down on litigation costs; and GBF "substantially mishandled" the Debtor's bankruptcy case. Schneider argues that GBF violated § 526 of the Bankruptcy Code, "may have" violated § 528 of the Bankruptcy Code, and that the fees requested by GBF are not reasonable under § 330 of the Bankruptcy Code.[1] In support of its objections, Schneider filed copies of billing statements, a retainer agreement, miscellaneous other documents, and the Debtor's March 9, 2020 Affidavit ("Affidavit"). The Debtor states in paragraph eight of the Affidavit that pre-petition he paid GBF a total of $13,000.00 of fees and that the Rule 2016(b) statement that he signed — which states that he paid a retainer of $3,762.00 to GBF — "now appears to me to be false as explained by my new attorney."

GBF's response agrees that from May 7, 2019 through August 23, 2019, the Debtor paid GBF $13,000.00 of fees and $310.00 for the bankruptcy filing fee. GBF's response provides a breakdown of how much of those fees were paid for services for the Debtor's business, Louie's Tree Service, how much were paid for services for the Debtor individually, and how the retainer figure of $3,762.00 in the Rule 2016(b)

---

[1] Section 526 places restrictions on Debt Relief Agencies, which include law firms, in their assistance of debtors and others. These restrictions include the making of any untrue or misleading statement in a document in a bankruptcy case or proceeding. Section 528 conversely contains affirmative requirements for Debt Relief Agencies, including the contents of a written contract and disclosures.

statement was arrived at. GBF also filed copies of a retainer agreement, billing statements, and excerpts of transcripts of the Debtor's deposition testimony in this case.

After reviewing all the documents provided by Schneider and GBF, the Court is satisfied with the explanation provided by GBF regarding the payments that were made to it pre-petition, how these payments were applied and the services that were performed for those fees. The Court rejects as unfounded Schneider's argument that GBF deliberately had the Debtor sign false documents. The Court finds that the Affidavit and the documents provided by Schneider do not demonstrate that GBF violated either § 526 or § 528 of the Bankruptcy Code.

However, the fact that Schneider misses the mark on its § 526 and § 528 objections does not mean that its § 330 objections lack merit. Schneider's objections that the "bankruptcy case should have been filed much earlier" and that GBF "substantially mishandled" the case relate directly to § 330(a)(3)(C)'s instruction to the Court to consider whether the services for which fees are sought were necessary to the administration of the case or beneficial to the completion of the case at the time the services were rendered. These same objections also relate directly to § 330(a)(4)(A)'s prohibition that the Court not allow fees for services that were not reasonably likely to benefit the estate.

GBF responds to these objections by emphasizing how zealously it represented the Debtor, how hard it worked and how difficult the issues were. GBF denies there

- 10 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 10 of 17

was any delay by it, challenges the veracity of the Affidavit, and dismisses Schneider's "hindsight" objections as to "what should or should not have been done."

The Court takes no position as to whether it would have been better to file the Debtor's bankruptcy case sooner. No way to tell from this record. However, as noted earlier, the Court has a very serious concern over whether this case should have been filed *at all*. As the Court explained in the Dismissal Opinion, this bankruptcy case was basically "just a continuation" of the Debtor's divorce case, filed to "get out from a state court's orders" in the divorce case. The GBF Application admits as much. On the very first page, the GBF Application describes what the bankruptcy case is all about:

> Debtor, Louis F. Fulayter, Jr. litigated a 3-year long, contentious divorce with his ex-wife, Holly Fulayter in the Oakland County Circuit Court before the Hon. Lisa Gorcyca. A number of the outstanding issues and obligations between the parties resurfaced in the instant Chapter 13 bankruptcy.... More specifically, extensive litigation and disputes focused on the ownership of Illinois Farmland and the valuation of debtor's business, Louie's Tree Service, LLC; valuation and assets contained within the Louis and Holly Fulayter Irrevocable Trust; debt eligibility under 11 U.S.C. § 109(e); amounts owed pursuant to domestic support obligations and to taxing authorities; proof of Debtor's income; alleged transfers made by debtor; lawsuits debtor was a party to; and allegations of bad faith.

Except for the eligibility issue under § 109(e), all these issues were thoroughly litigated in the Debtor's divorce case. They didn't just "resurface" in the bankruptcy case, they were the very reason that the Debtor filed the bankruptcy case, to change the state court

scoreboard, starting with the state court receiver who was selling the Debtor's home pursuant to an order from the state court.

The services rendered by GBF in relitigating the issues in the Debtor's divorce case were not necessary to the administration of this case nor beneficial toward the completion of the case. These services were not reasonably likely to benefit the bankruptcy estate or the Debtor. The fees for these services are not allowable under § 330(a)(3)(C) and (4)(A).

How much of the fees requested in the GBF Application were for these services? The time sheets with the GBF Application break down GBF's total request for $19,780.00 of fees as follows:

| | |
|---|---:|
| Case Administration — | $10,735.00 |
| Chapter 13 Plan — | $1,107.00 |
| § 341 Hearing — | $1,080.00 |
| Claims Administration — | $1,674.00 |
| Relief from Stay — | $3,942.00 |
| Financing — | $81.00 |
| Sale, Realization and Liquidation of Estate Property — | $216.00 |
| Fee Application — | $945.00 |

The time sheets with the GBF Application show that virtually all the time entries under Case Administration were for services to continue the fight in the Debtor's divorce case. They do not have a bankruptcy related purpose and cannot be fairly labeled as somehow relating to the administration of this bankruptcy case. However,

the GBF Application does show some services that do relate to and do further a bankruptcy purpose — preparing a Chapter 13 plan, attending a § 341 hearing, reviewing claims and dealing with automatic stay issues.

Ultimately, the Court's task comes down to determining what constitutes a reasonable fee for the services rendered. After considering Boddy, § 330 and all the circumstances of this case, the Court finds that no fees for GBF's time entries under Case Administration should be allowed but that fees for the balance of GBF's time entries should be allowed. The Court draws this distinction and makes this finding because, as noted above, virtually all the time entries under Case Administration pertain to relitigating issues that had already been litigated in the Debtor's divorce case, while the time entries under the remaining categories appear to be for bankruptcy related services. Therefore, the Court will award GBF fees in the amount of $9,045.00 and disallow fees in the amount of $10,735.00. The expenses of $483.80 requested in the GBF Application are awarded in full.

## The Schneider Application

The Schneider Application explains that the requested fees exceed the presumptively reasonable fee under the local rule because Schneider took this case over after GBF withdrew; there were pending contested matters including the Debtor's motion to dismiss, the Debtor's ex-wife's motion to convert, the Trustee's application to employ counsel to bring avoidance actions, and the GBF Application; and because

- 13 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 13 of 17

Schneider prepared for and attended a Rule 2004 examination of the Debtor. The Court does not disagree with Schneider that there was a lot going on when Schneider came into the case, not to mention all the issues related to the Debtor's divorce which had now become intertwined with the Debtor's Chapter 13 case.

GBF makes many arguments, but they basically boil down to the following eight objections, although not numbered as such in GBF's filing: (1) Schneider's services were not reasonably likely to benefit the Debtor or his estate; (2) no payment should be made to Schneider until GBF has been paid; (3) Schneider's time entries are excessive and unreasonable; (4) Schneider should not be allowed fees for impermissibly filing a sur-reply brief regarding the GBF Application one day before the hearing on it; (5) Schneider should not be allowed fees for objecting to the GBF Application; (6) Schneider's Rule 2016(b) statement is inaccurate; (7) some of Schneider's fees should be disallowed for duplication; and (8) some of Schneider's fees should be disallowed for lumping.

Reviewing the Schneider Application of course requires application of the same legal principles that the Court applies to the GBF Application. As with the GBF Application, the Court's task is to determine what is a reasonable fee for the services rendered under Boddy, § 330 and all the circumstances of the case. But the circumstances regarding the services rendered are surely different for an attorney who

substitutes into a case that they did not file after the filing attorney has withdrawn and the case, like this one, is mired in litigation.

Keeping in mind the circumstances that existed during the time that Schneider represented the Debtor, a review of Schneider's time sheets requires the Court — with a couple of specific exceptions that the Court will discuss below — to overrule GBF's objections numbered above as 1, 3, 7 and 8. Schneider's time sheets show extensive work on a Chapter 13 plan, opposition to the pending motions of the Debtor's ex-wife and the Trustee, and responses to lawfully taken discovery. Coming into the case when it did, with the direction of the case being heavily litigated and very uncertain, the Court has no trouble finding that Schneider's services were reasonably likely to benefit the Debtor or the Debtor's estate, and the entries were not excessive, duplicative or lumped together.

The two exceptions mentioned above both relate to Schneider's objections to the GBF Application.

After Schneider filed its objections to the GBF Application, the Court scheduled a hearing for April 16, 2020. GBF filed a response to Schneider's objections, as it was permitted to do by the Court's local rules. On April 15, 2020, the day before the scheduled hearing, Schneider filed a sur-reply (ECF No. 152). At the outset of the hearing, GBF objected to the Court considering the sur-reply because it was not allowed by the Court's local rules. When the Court asked Schneider what authority

- 15 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 15 of 17

gave it the right to file the sur-reply, Schneider had no answer. The Court agreed with GBF that the sur-reply was not allowed and should not be considered. The Schneider Application has two separate time entries for preparation of the sur-reply, both on April 15, 2020, showing 4.1 hours at $320.00 per hour for a total of $1,312.00. The Court will disallow those fees as the services were not reasonably likely to benefit the Debtor or the Debtor's estate since Schneider was not permitted to file the sur-reply.

The second exception relates to the amount of time charged by Schneider to attend the hearing on the GBF Application on April 16, 2020. The hearing took place by telephone. The digital audio recording shows that the hearing lasted 24 minutes and 43 seconds. The time sheets with the Schneider Application have a single time entry to attend the hearing showing 5 hours at $320.00 per hour for a total of $1,600.00. Given the length of the hearing, the Court finds this entry to be excessive and will disallow fees for 4 and 1/2 hours totaling $1,440.00.

The remaining objections by GBF lack merit. As for objection number 2, there is no law that requires GBF to have its administrative expense claim paid ahead of Schneider. The Court's reduction for Schneider's sur-reply covers objection number 4. As for objection number 5, Schneider's services responding to the GBF Application did provide a benefit to the Debtor — by resulting in a reduction of the fees awarded to GBF. Also, GBF's reliance for this objection on <u>Baker Botts L.L.P v. ASARCO LLC</u>, 576 U.S. 121 (2015) is misplaced. The Schneider Application does not request

- 16 -

19-53196-pjs    Doc 168    Filed 06/01/20    Entered 06/01/20 14:00:49    Page 16 of 17

fees for defending GBF's objections to the Schneider Application.  Finally, as for objection number 6, the Court does not find Schneider's Rule 2016(b) statement to be inaccurate.

The Court finds that the fees requested in the Schneider Application are reasonable except for the disallowed time for the sur-reply and attendance at the hearing.  Therefore, the Court will award Schneider fees in the amount of $12,052.50 and disallow fees in the amount of $2,752.00.  The expenses of $107.50 are awarded in full.

To the extent that either Schneider or GBF objected to the other's fee application on other grounds not expressly discussed by the Court in this opinion, they have been considered by the Court and are overruled.

The Court will enter two separate orders consistent with this opinion.

**Signed on June 1, 2020**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**