UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                Chapter 13

Louis F. Fulayter, Jr.,                      Case No. 19-53196
a/k/a Louie F. Fulayter,

                                                      Hon. Phillip J. Shefferly

        Debtor.
_____/

## OPINION DENYING MOTION FOR
## SANCTIONS, COSTS AND ATTORNEY FEES PURSUANT
## TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

### INTRODUCTION

In this dismissed Chapter 13 case, the Debtor has filed a Motion for Sanctions, Costs and Attorney Fees Pursuant to Federal Rule of Bankruptcy Procedure 9011 ("Motion") (ECF No. 167). In it, the Debtor requests sanctions against Goldstein, Bershad & Fried, P.C. ("GBF"), the law firm that represented the Debtor in filing this Chapter 13 case. The Motion is supported by an affidavit by the Debtor and his friend, Vanessa Hoffman ("Hoffman"), plus email threads and other exhibits. GBF filed a response ("Response") (ECF No. 172) to the Motion. The response is supported by excerpts of testimony, email threads and other exhibits. On July 2,

2020, the Court held a hearing on the Motion. For the reasons explained in this opinion, the Court will deny the Motion.

## BACKGROUND

The Court has already issued two separate opinions (collectively, the "Opinions") in this case. The first Opinion ("Dismissal Opinion") (ECF No. 155) was issued on April 22, 2020 and granted the Debtor's motion to dismiss this case. The second Opinion ("Fee Opinion") (ECF No. 168) was issued on June 1, 2020 and dealt with fee applications filed by GBF and by Charles J. Schneider, the attorney who took over the Debtor's Chapter 13 case after GBF withdrew. The Court is not going to repeat the history of this case nor the history of GBF's representation of the Debtor because the Opinions contain detailed recitations of facts, all of which the Court incorporates here.

The crux of the Motion is that GBF made two categories of false statements in this case. The first category consists of false statements by GBF regarding whether and the extent to which GBF represented not only the Debtor but also the Debtor's business, Louie's Tree Service, LLC ("Louie's LLC"), and the payments that GBF received for its work for them. The second category consists of false statements that GBF made regarding the Debtor's assets, liabilities and payments for legal services in the Debtor's schedules of assets and liabilities and statement of financial affairs that the Debtor filed in his Chapter 13 case.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9011 incorporates Federal Rule of Civil Procedure 11. Rule 9011(b) provides that when an attorney presents to a court a petition, pleading, written motion, or other paper, that attorney makes certain certifications to the court, to the best of such attorney's knowledge, information, and belief, formed after a reasonable inquiry under the circumstances. The relevant certifications described in the Motion are that: (1) the paper is not being presented for an improper purpose, such as to harass or cause unnecessary delay or expense; (2) the paper's legal contentions are warranted by existing law or a nonfrivolous argument for an extension, modification or reversal of existing law; and (3) the paper's allegations and factual contentions have evidentiary support or are likely to have evidentiary support after reasonable opportunity for discovery.

In the Sixth Circuit, the standard for Rule 9011 sanctions is the same as under Fed. R. Civ. P. 11.

> As with Rule 11, the test for imposing Rule 9011 sanctions is whether the individual's conduct was reasonable under the circumstances. In applying this test, the bankruptcy court is not to use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the . . . motion . . . was submitted.

Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 481 (6th Cir. 1996) (internal quotation marks and citations omitted).

"[T]he purpose of Rule 11 sanctions is to deter rather than to compensate." Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 400 (6th Cir. 2009) quoting Fed. R. Civ. P. 11, Advisory Committee Notes (1993 Amendments); Fed. R. Bankr. P. 9011(c)(2) ("A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."). However, "compensating the victim and deterring the perpetrator of Rule 11 violations are not mutually exclusive." Rentz, 556 F.3d at 400. Sometimes effective deterrence requires compensating the aggrieved party for attorney fees arising from abusive litigation. Id.

Rule 9011 is written in the permissive. "If . . . the court determines that subdivision (b) has been violated, the court may, . . . impose an appropriate sanction[.]" Fed. R. Bankr. P. 9011(c). "[T]he bankruptcy court is given a great deal of latitude in fashioning an appropriate sanction[.]" In re Downs, 103 F.3d at 478 (citation omitted). "When a court metes out a sanction, it must exercise such power with restraint and discretion. The sanction levied must thus be commensurate with the egregiousness of the conduct." Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)). A bankruptcy court's imposition of Rule 9011 sanctions is reviewed under the abuse of discretion standard. Wingerter v. Wingerter (In re Wingerter), 594 F.3d 931, 936 (6th Cir. 2010) (citation omitted).

- 4 -

19-53196-pjs    Doc 178    Filed 07/09/20    Entered 07/10/20 06:14:40    Page 4 of 7

## Discussion

After reviewing all the attachments to the Motion and the Response, together with the entire case file, including the multiple hearings, the Court holds that the Debtor has not met his burden to show that GBF violated any of the certifications described in Rule 9011(b)(1), (2) or (3).

Regarding the allegations of GBF's false statements about who it represented — the Debtor or Louie's LLC — the Motion focuses largely on the response (ECF No. 151) that GBF filed to the Debtor's objection to GBF's fee application and the arguments made on the record by GBF at the hearing on its fee application on April 16, 2020. In both its written response and at the hearing, GBF tried to explain what work GBF did for the Debtor and what work GBF did for Louie's LLC and how GBF applied the payments that it received for its work. In the Fee Opinion, the Court already stated that it was "satisfied" with GBF's explanation about the payments that it received for the work it did for the Debtor and Louie's LLC. The Motion does not change the Court's mind.

There is no dispute that both the Debtor and Louie's LLC signed a retainer agreement with GBF on May 7, 2019. If nothing else, the voluminous exhibits with the Motion and the Response show that the financial issues affecting the Debtor and Louie's LLC were intertwined with one another. Perhaps GBF could have done a better job more precisely delineating the work it did for each of its clients. Clearly,

the Debtor and GBF now — after the fact — have conflicting views about this. But the Court is not persuaded that GBF's statements about its work for and payments from the Debtor and Louie's LLC violated any of the certifications of Rule 9011(b)(1), (2) or (3). GBF's purpose in making those statements was to refute the Debtor's objections to GBF's fee application. That is not an improper purpose. That the Debtor disagrees with those statements does not show either that GBF failed to make a reasonable inquiry or that the statements lacked support under existing law or lacked evidentiary support.

Similarly, the Motion's allegations about GBF's false statements concerning the Debtor's assets, liabilities and payments to GBF also lack merit. Put aside the fact that the Debtor himself signed the schedules and statement of financial affairs that are alleged to contain these false statements. The test for a Rule 9011(b) violation is essentially whether GBF's conduct in filing these papers was reasonable under the circumstances. The Court has already expressed its skepticism about the legal strategy involved in filing the Debtor's Chapter 13 case. But that does not equate to a finding that GBF filed papers in violation of Rule 9011(b). The mountains of emails among GBF, the Debtor and Hoffman, together with the documents and transcripts of testimony attached to the Motion and the Response and otherwise contained in this file, convince the Court that GBF made a reasonable inquiry into the facts and law before filing the Debtor's schedules, statement of

financial affairs and other papers. GBF did not violate the certifications of Rule 9011(b)(1), (2) or (3) even if some of the statements contained in these papers turned out to be wrong and required amendments.

Even if the Court were to conclude that GBF did violate Rule 9011(b) by any of the statements identified in the Motion, the Court declines to award any sanctions against GBF in the circumstances of this case. The policy of Rule 9011 would not be served by an award. The Court has already disallowed over $10,000.00 of GBF's requested fees in this case. That reduction adequately furthers the Rule 9011 policy of deterrence. The Court understands that the Debtor is not satisfied with GBF and the results of its work. But to award the Debtor any additional sanctions at this point would be punitive. The Court has wide discretion when considering whether to award sanctions under Rule 9011. This is not an appropriate case for such sanctions.

The Court will enter a separate order denying the Motion for the reasons set forth in this opinion.

**Signed on July 9, 2020**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**